UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Scott Anthony Mazyck,              ) C/A No. 9:09-1222-MBS-BM
                                   )
                    Petitioner,    )
                                   )
v.                                 )
                                   ) **Report and Recommendation**
Gregory Knowlin, Warden,           )
                                   )
                    Respondent.    )
_____)

The Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is a state prisoner at the Turbeville Correctional Institution.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983). As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Even when considered under this less stringent standard, however, this *pro se* petition is still subject to summary dismissal, as the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable

in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner brings this § 2254 habeas action challenging an April 3, 1995, conviction in the Georgetown County Court of General Sessions for the offenses of Armed Robbery (two counts), Kidnapping, Criminal Sexual Conduct (1st Degree), Grand Larceny, and Burglary (2nd Degree). Petitioner indicates that he received three thirty-year consecutive sentences.

Petitioner states that he filed a direct appeal, however, the South Carolina Court of Appeals apparently affirmed Petitioner's conviction. Petitioner indicates that he further appealed to the South Carolina Supreme Court, but does not provide a disposition date/result regarding that appeal. Petitioner filed a post-conviction relief (PCR) action on December 21, 1995, which was dismissed with prejudice on August 26, 1997. Petitioner states that he appealed the dismissal of his PCR action to the highest court having jurisdiction, but provides no filing or disposition dates regarding his PCR appeal(s). Thus, it is unclear whether Petitioner's habeas action is barred by the one-year statute of limitation imposed by 28 U.S.C § 2244(d).[1] In any event, Petitioner clearly states that his sole ground for habeas relief was not raised in either his direct appeal or PCR action.

---

[1]

28 U.S.C. § 2244(d) states that a one year period of limitation shall apply to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. Given the date of Petitioner's conviction, he is likely beyond the one-year statute of limitations for filing the instant habeas action. Petitioner's answer to question number eighteen (18), the petition's "timeliness" question, strongly indicates that the statute of limitations has run on Petitioner's habeas claim. However, the lack of filing/disposition dates, makes it is impossible to definitively state that Petitioner is barred by the one-year deadline.

2

Discussion

This petition for a writ of habeas corpus should be dismissed because, by his own admission, the Petitioner has not exhausted his state remedies with respect to the claim asserted in the Petition. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The *Matthews* court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.*(citations omitted).[2]

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." Petitioner plainly states that he did not present the instant ground for habeas relief to the State court in either his direct appeal or PCR action. Thus,

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

3



Petitioner has failed to exhaust his state remedies and the United States District Court for the District of South Carolina should not keep this case on its docket pending exhaustion. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"). Therefore, Petitioner's petition for habeas relief should be dismissed

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 19, 2009
Charleston, South Carolina

4

p4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

