IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Scott Anthony Mazyck, ) | |
| ) | C/A No. 9:09-1222-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Gregory Knowlin, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Scott Anthony Mazyck is an inmate in custody of the South Carolina Department of Corrections. Petitioner filed the within petition under 28 U.S.C. § 2254 for writ of habeas corpus on May 11, 2009. Petitioner alleges that the indictments to which he pleaded guilty were never true-billed by the grand jury, and that he did not waive presentment. Petitioner asserts, therefore, that the sentencing court lacked subject matter jurisdiction.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the Rules governing Section 2254 Cases, the Anti-Terrorism and Effective Death Penalty Act, and other precedents. On May 20, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's § 2254 petition be summarily dismissed because Petitioner has not exhausted his state remedies with respect to the claim asserted in the petition. See 28 U.S.C. § 2254(b)(1). Petitioner filed objections to the Report and Recommendation on May 29, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner concedes that the ground raised in his § 2254 petition has not been reviewed by South Carolina state courts, either via direct appeal or post-conviction relief. The gravamen of Petitioner's objections, however, is that a challenge to subject matter jurisdiction may be raised at any time, and thus he is not subject to the procedural requirements of § 2254(b)(1). The court disagrees. The question of whether a state court is vested with jurisdiction over a state criminal charge is an issue of state law, and generally not cognizable under federal habeas review. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) ("[m]atters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief")(quoting Hailey v. Dorsey, 580 F.2d 112, 114 (4th Cir. 1978)). Moreover, the South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction. See State v. Gentry, 610 S.E.2d 494 (S.C. 2005). Petitioner's objections is without merit.

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Petitioner's § 2254 petition is dismissed without prejudice and without

issuance and service of process upon Respondent.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 6, 2009.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**